UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JACKY BASS and JUDY BASS, ) | |
| ) | |
| Plaintiffs, ) | Case No. 3:13-cv-1349 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| 84 LUMBER CO., NANCY LOWE, ) | |
| and LUCY LOVE, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

Pending before the court is defendant Nancy Lowe's Motion to Dismiss (Docket No. 14), to which the plaintiffs have filed a Response in opposition (Docket No. 21). Also pending before the court is the plaintiffs' Motion to Amend the First Amended Complaint (Docket No. 19), to which the defendant has filed a Response in opposition (Docket No. 24). For the reasons discussed herein, the plaintiffs' motion will be granted and Lowe's Motion to Dismiss will be denied.

## BACKGROUND

### I. Relevant Facts[1]

In short, the instant motions before the court relate to the plaintiffs' failure to timely name the correct defendant in their personal injury lawsuit.

---

[1] Unless otherwise indicated, the facts have been drawn from the plaintiffs' First Amended Complaint. (Docket No. 8.) When assessing a motion to dismiss filed under Rule 12, the court will construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002).

1

The plaintiffs allege in their First Amended Complaint that, while on the property of defendant 84 Lumber Co. ("84 Lumber"), plaintiff Jacky Bass sustained injuries as a result of the negligence, gross negligence, and/or recklessness of one of 84 Lumber's employees. On November 15, 2012, Jacky Bass was waiting for his truck to be unloaded at 84 Lumber's facility. As he waited, an employee of 84 Lumber, Nancy Lowe, passed by him with an improperly stacked load of foam board. The load allegedly became unbalanced and fell on Bass, causing him injury.

## II. The Action

On October 21, 2013, Bass and his wife, Judy Bass, filed suit against defendants 84 Lumber and Lucy Love in the Circuit Court for Sumner County, Tennessee. (Docket No. 1, Ex. 1.) The plaintiffs' original Complaint alleged that Bass had suffered injury as a result of the negligence, gross negligence, or recklessness of Love, an alleged employee of 84 Lumber, and that 84 Lumber was liable for Bass's injuries pursuant to the doctrine of *respondeat superior*. (*Id.*) The plaintiffs also appeared to plead that 84 Lumber was liable for the negligent hiring, training, and supervision of Love. (*Id.*) Finally, Judy Bass alleged a claim for loss of consortium as a result of her husband's injuries. (*Id.*) The plaintiffs seek compensatory damages for Jacky Bass and monetary damages for loss of consortium for Judy Bass.

After 84 Lumber removed the action to this court on December 4, 2013, the plaintiffs moved to amend the Complaint on January 27, 2014 to add Nancy Lowe, another alleged employee of 84 Lumber, as a third defendant. The court granted the plaintiffs leave to amend on January 28, 2014. In their First Amended Complaint ("FAC"), the plaintiffs added Lowe as a defendant to the action, along with original defendants Love and 84 Lumber. (Docket No. 8.) Within the text of the FAC, the plaintiffs include Love as a party in the case caption and

description of parties, but substitute "Nancy Lowe" for "Lucy Love" in all specific allegations of wrongdoing. (*Id.*)

Lowe filed her Motion to Dismiss on March 20, 2014, arguing that the plaintiffs' claims against her were filed outside of Tennessee's one-year statute of limitations ("SOL") for personal injury actions. In response to Lowe's motion, on April 9, 2014, the plaintiffs filed a Response in opposition and a Motion to Amend or Correct the FAC, in order to properly substitute Lowe as a party for Love. (Docket No. 19.) Lowe opposes the plaintiffs' Motion to Amend and argues that it should be denied for futility for substantially the same reasons set forth in Lowe's Motion to Dismiss. (Docket No. 24.)

## ANALYSIS

**I.    Overview**

The parties' pending motions raise essentially the same issue for the court's consideration—have the plaintiffs amended their FAC in a manner that relates back to the filing date of their original Complaint?

Lowe argues that the claims against her are untimely because she was *added* to the action after the statute of limitations had expired. In an effort to circumvent Lowe's timeliness argument, the plaintiffs have filed a Motion to Amend or Correct their FAC. If granted, their amendment would *substitute* Lowe for Love as an individual defendant, instead of merely adding Lowe (as the FAC reflects). The plaintiffs submit that, as an amendment that *substitutes* one defendant for another, their amendment should benefit from Rule 15(c) of the Federal Rules of Civil Procedure and "relate back" to the date of the filing of their original Complaint. If their addition of Lowe as a party relates back to their original pleading, the plaintiffs contend that their claims against her are timely and viable. In response, Lowe contends that the plaintiffs'

3

amendment is futile because their claims cannot receive the benefit of Rule 15(c)'s relation back, and, therefore, are untimely and will not survive a motion to dismiss.

Where there are both a dispositive motion and a motion to amend the complaint pending, the court must first address the motion to amend the complaint. *Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988). Of course, if, as Lowe argues, the plaintiffs' amendments adding or substituting Lowe as a party (through the proposed Second Amended Complaint) do not relate back, their claims against Lowe are futile and will fail to defeat Lowe's Motion to Dismiss.

## II. Motion to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure dictates that, unless a pleading is made within the time frame enumerated under Rule 15(a)(1), an amendment to a pleading may be made "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The district court has broad discretion to determine "when justice so requires." *Martin v. Assoc. Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986). Moreover, it is well settled that a district court may deny a motion to amend if the court concludes that the pleading, as amended, could not withstand a motion to dismiss. *Id.* (internal citations omitted); *see also Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 573-74 (6th Cir. 2008); *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006). Accordingly, a district court may deny a motion to amend based on a legal conclusion that a proposed amendment adding a party would be futile; for instance, denial of a motion to amend is appropriate if the court concludes that the claims filed against the party are untimely. *See, e.g.*, *Carter v. Great Am. Group WF, LLC*, No. 3:11-0794, 2012 WL 3286048, at *2 (M.D. Tenn. July 23, 2012).

### A. Statute of Limitations

Lowe moves to dismiss and opposes the plaintiffs' Motion to Amend on the ground that the plaintiffs' claims against her are barred by the SOL that governs personal injury claims in Tennessee. Under Tennessee law, personal injury claims, including Judy Bass's loss of consortium claim, must be commenced within one year after the cause of action accrues. T.C.A. § 28-3-104 (West 2014). Thus, the SOL permitted the plaintiffs to file their action one year following November 15, 2012, the date of Jacky Bass's injury. *Id.*

The plaintiffs do not dispute Lowe's calculation of the SOL. They also admit that they filed their FAC naming Nancy Lowe as an additional party to the suit on January 27, 2014—over two months after the limitations period had expired. Additionally, the plaintiffs do not appear to dispute that, if permitted to amend, their Second Amended Complaint ("SAC") would be filed over six months after the SOL expired. Nevertheless, the plaintiffs claim that their claims are viable because, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, the proposed SAC relates back to the timely filing of their original state court Complaint.

In response, Lowe argues vigorously that an amendment would be futile because an amendment substituting Lowe for Love as a defendant does not benefit from the "relate back" doctrine set forth in Rule 15(c).

**B. Rule 15(c)**

Rule 15(c) provides that a plaintiff may amend her complaint to change the party or the naming of the party against whom a claim is asserted, and that amendment will relate back to the date of the original pleading if: (1) the claim asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, (2) the added party received notice of the suit in the 120 days following the filing of the original complaint, (3) the notice was such that the added party will not be prejudiced in maintaining a

5

defense on the merits, and (4) the added party knew or should have known that, but for a mistake of the identity of the proper party, the action would have been brought against her. Fed. R. Civ. P. 15(c); *Moore v. City of Harriman*, 272 F.3d 769, 774 (6th Cir. 2001).

The Sixth Circuit has made clear that "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *In re Kent Holland Die Casting & Plating*, 928 F.2d 1448, 1449 (6th Cir. 1991). Such an amendment "establishes a new and independent cause of action which cannot be maintained when the statute has run, for the amendment is one of substance rather than one of form and brings into being one not presently in court." *United State ex rel. Statham Instruments, Inc. v. W. Cas. & Surety Co.*, 359 F. 2d 521, 523 (6th Cir. 1966). Such a case exists where, for example, a plaintiff attempts to add entities uncovered during discovery that would qualify as defendants in the case. *See Venezia v. 12th & Div. Props., LLC*, No. 3:09-cv-430, 2010 WL 3122787, at *3 (M.D. Tenn. Aug. 6, 2010).

On the other hand, courts have consistently held that Rule 15(c) permits an amendment to relate back where a plaintiff seeks to *substitute* a correct party for a previously improperly named defendant or to correct a misnomer. *See, e.g.*, *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010) (permitting relation back where a plaintiff filed suit against the wrong defendant due to a mistake and sought to substitute the proper defendant after the limitations period had expired). A mistake occurs where the wrong party is blamed while the real culprit remains unknown, and also where the plaintiff has full knowledge of all relevant actors, but lists the technically incorrect parties. *Pullins v. Klimley*, No. 3:054-cv-082, 2008 WL 85871, at *12 (S.D. Ohio Jan. 7, 2008).

**C. Identity of Interest**

6

Lowe does not dispute that the claims against her arise out of the same transaction and occurrence as the claims against Love and does not argue that she will be prejudiced if she is added as a defendant; instead, she argues only that she had insufficient notice of the suit because she did not know (and could not have reasonably known) that, but for a mistake, the claims would have been brought against her.

Where, as here, a plaintiff argues that a new defendant knew or should have known that, but for a mistake of identity, the action would have been brought against her, the Sixth Circuit has required that a sufficient "identity of interest" exists between the new defendant and originally named defendant so as to give the new defendant "constructive notice" of the action. *Ringrose v. Engelberg Huller Co., Inc.*, 692 F.2d 403, 411 (6th Cir. 1982); *see also Berndt v. State of Tenn.*, 796 F.2d 879, 884 (6th Cir. 1986); *Pullins*, 2008 WL 85871, at *12 ("Courts impute the notice of a lawsuit, termed 'constructive notice,'" when sufficient identity of interest exists between the original and new parties.) (citing *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998)) (additional citations omitted). As another district court has explained:

> Constructive notice can exist when the original and added parties are a parent corporation and its wholly owned subsidiary, when the original party and the added party are co-executors of an estate, and when the original party and new party share counsel. Further, constructive notice may exist when the original and added parties are so closely related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it commenced.

*Pullins*, 2008 WL 85871, at *12. The plaintiff bears the burden of showing that the added party received constructive notice. *Id.*

Accordingly, the critical inquiry raised by the instant motions is whether the plaintiffs have presented facts sufficient to demonstrate an identity of interest between Lowe and Love,

such that the substitution of Lowe for Love in their SAC relates back to the filing date of the original Complaint and, therefore, was timely.

**D. The Plaintiffs' Amended Complaints**

The plaintiffs submitted in their first Motion to Amend that, following removal of the action to this court in December 2013, the plaintiffs "discovered that the proper, individual employee is 'Nancy Lowe,' not 'Lucy Love.'" (Docket No. 6 ¶ 3.) They further wrote, "Accordingly, Plaintiffs request permission to amend their first, original complaint to add 'Nancy Lowe' as a named Defendant." (Docket No. 6.) Despite their use of the verb "add," the plaintiffs' FAC removes nearly every reference to defendant Love and substitutes "Lowe" for "Love" in every specific allegation of wrongdoing. (*See* Docket No. 8 ¶¶ 9-16.)

In their Second Motion to Amend, filed April 9, 2014, the plaintiffs argue that they made a mistake by "adding" Lowe to the action. They submit that, despite the language of the FAC, their intention in the FAC was "not to *add* Nancy Lowe, but to *substitute* her in place of 'Lucy Love.'" (Docket No. 19 ¶ 4 (emphasis in original).)

The plaintiffs argue that it is obvious that they were "attempting to sue the correct party, not add a new party against whom they could assert new claims." (Docket No. 22 at 3.) Moreover, they submit that the claims against Lowe arise out of the same occurrence set forth in the original Complaint and that it is reasonable to assume that Lowe received notice of the suit in the 120 days following the filing of the original pleading because (1) counsel for 84 Lumber disclosed to plaintiffs' counsel the identity of Lowe, and (2) 84 Lumber's counsel has filed pleadings on behalf of Lowe and therefore is affiliated with Lowe. Accordingly, the plaintiffs submit that the court can impute "constructive notice" of the action to Lowe. They further contend that Lowe will not be prejudiced because discovery has not taken place and Lowe will

8

have time to prepare a defense, "particularly given that her defenses will be nearly identical to those offered by" 84 Lumber.

In response, Lowe submits that the plaintiffs' untimely identification and substitution of Lowe is not a "mistake" as to a party's identity that would benefit from the relation back principle of Rule 15(c). The court disagrees.

   1. <u>Lowe and Love Share Identity of Interest</u>

The plaintiffs present several facts in support of their argument that their amendment constitutes a correction of an error, and that Lowe and Love are sufficiently related so as to demonstrate that Lowe had constructive knowledge of the suit. As an initial matter, the court notes that the names "Lowe" and "Love" are very similar; indeed, it is reasonable to conclude that "Love" is a misspelling of "Lowe." Additionally, it appears undisputed that an individual named Lucy Love who is an employee of 84 Lumber or otherwise related to this action does not exist. On the contrary, Lowe is a bona fide female employee of 84 Lumber. Moreover, Lowe and 84 Lumber appear to be represented, for all relevant purposes, by the same counsel and, as noted by the plaintiffs, Lowe's own counsel corrected the plaintiffs' mistaken identification of "Love" in communications among the parties' counsel.[2]

In an attempt to sidestep any liability, Lowe argues that, because Lucy Love apparently does not exist, this case is analogous to actions filed against "John Doe" defendants, where a party later amends a complaint to add or substitute another party in the "John Doe's" place. This argument is unpersuasive. Lowe relies on *Cox v. Treadway* for her assertion that the court

---

[2] Both parties agree that Lowe's counsel (who is also counsel for 84 Lumber) informed the plaintiffs' counsel of the mistaken identification of Nancy Lowe as Lucy Love. (Docket No. 20, Ex. 1 (Affidavit of Thomas DeClue); Docket No. 24 at 7.)

should consider the plaintiffs' "failure to investigate the proper defendant" as courts have considered claims filed against "John Doe" anonymous defendants, and later amendments to add or substitute additional parties. 75 F.3d 230 (6th Cir. 1996), *cert. denied*, 519 U.S. 821 (1996). In *Cox*, the Sixth Circuit concluded that an amendment replacing an unnamed police defendant with that of a named party amounts to adding a party; accordingly, such an amendment is impermissible under Rule 15(c) because it does not satisfy the rule's "mistaken identity" requirement. *Id.* at 240; *see also Moore v. Tennessee*, 267 F. App'x 450, 455 (6th Cir. 2008) (holding that a plaintiff's lack of knowledge pertaining to an intended unnamed police defendant's identity does not constitute a mistake concerning the party's identity within the meaning of Rule 15(c)).

But here, Lowe does not argue—perhaps because it would appear implausible—that the plaintiffs were using "Lucy Love" as a place holder for her name until they could uncover the true identity of 84 Lumber's employee; on the contrary, Lowe's counsel appears to admit that she was aware of the plaintiffs' *mistaken* identification of "Lowe" as "Love." Moreover, Lowe's position neglects the obvious shared interests of herself and "Love" – their identical employer, business address, and counsel—not to mention three of the four letters of their last names. Under similar circumstances, courts have held that notice can be imputed to a new defendant. *See Berndt*, 796 F.2d at 884 (notice can be imputed to a new defendant through an attorney representing the original defendants); *Pullins*, 2008 WL 85871, at *12 (concluding that new defendant had constructive knowledge of the original complaint because it was brought against his spouse with whom he "presumably had an informal relationship" and because he shared counsel with his spouse); *see also Pelfrey v. Hotel Partners, et al.*, No. 3:10-cv-0483, 2013 WL

3789680, at *1-2 (E.D. Tenn. July 19, 2013) (concluding that sufficient identity of interest existed where, *inter alia*, new defendant shared post office box with original defendant).

Here, the plaintiffs' error is clearly a case of mistaken identity as to 84 Lumber's employee. Accordingly, the plaintiffs' amendment falls squarely within the intended use of Rule 15(c): a correction of a misnomer or mistake as to the proper defendant.

Pursuant to Rule 15(c) and settled law, the plaintiffs' amendment substituting Lowe as a party for "Lucy Love" relates back to the filing date of their original Complaint. Accordingly, the plaintiffs' amendment to their FAC, as filed on April 9, 2014, relates back to the filing date of the original Complaint on October 21, 2013. The statute of limitations on claims arising out of Jacky Bass's November 15, 2012 injury did not expire until November 15, 2013. Therefore, the plaintiffs' claims against Lowe are timely as a matter of law, and the plaintiffs' Motion to Amend will be granted. In accordance with the plaintiffs' motion, defendant Nancy Lowe will be substituted for defendant Lucy Love, and Lucy Love will be dismissed from the action.

### III. Lowe's Motion to Dismiss

Lowe's only basis for her Motion to Dismiss is her assertion that the claims against her are untimely. For substantially the same reasons that the court will grant the plaintiffs' Motion to Amend, the court will deny Lowe's Motion to Dismiss. The plaintiffs' claims relate back to the filing date of their original Complaint and are timely as a matter of law. Accordingly, Lowe has failed to demonstrate that the plaintiffs have failed to state a claim against her under Rule 12(b)(6), and her Motion to Dismiss will be denied.

### CONCLUSION

For these reasons, the plaintiffs' Motion to Amend is **GRANTED** and defendant Nancy Lowe's Motion to Dismiss is **DENIED**. It is further **ORDERED** that Nancy Lowe is substituted for defendant Lucy Love, and defendant Lucy Love is hereby **DISMISSED** from this action.

It is so **ORDERED**.

Enter this 28th day of May 2014.

_____
ALETA A. TRAUGER
United States District Judge